**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

DUTCH WELLS, III                                   CIVIL ACTION NO. 25-1877

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

PATTERSON MOTORS OF                                MAGISTRATE JUDGE HORNSBY
SHREVEPORT, INC.

**MEMORANDUM RULING**

Before the Court is Defendant Patterson Motors of Shreveport, Inc.'s ("Patterson Motors") Rule 12(b)(1) Motion to Dismiss Due to Enforceability of Arbitration Pursuant to the Federal Arbitration Act (Record Document 23). Plaintiff Dutch Wells, III ("Wells") opposes the Motion (Record Document 25). For the reasons set forth herein, the Motion is **GRANTED**.

**FACTUAL BACKGROUND**

Wells filed this action asserting claims for race discrimination under 42 U.S.C. § 1981 and Louisiana law, as well as claims arising under Louisiana's wage payment statutes. See Record Document 18 at 5–6. Wells alleges that Patterson Motors discriminated against him on the basis of race during his employment and ultimately terminated his employment. See id. Wells further alleges that Patterson Motors failed to pay wages, incentives, and accrued but unused vacation allegedly owed at the time of his separation. See id.

Patterson Motors contends that Wells executed an Arbitration Agreement during his employment and that all claims asserted in this action fall within the scope of that agreement. See Record Document 23-1 at 5. In support of its Motion, Patterson Motors submitted a copy of the Arbitration Agreement bearing a signature purporting to be Wells's

signature, together with other employment records. See Record Documents 23-2 through 23-5.

Wells disputes that he ever entered into the Arbitration Agreement. See Record Document 25. In opposition to the Motion, Wells submitted a declaration stating that he did not sign the Arbitration Agreement, that the signature appearing on the document is not his signature, and that he does not recall being presented with such an agreement. See Record Document 16-1.

## LAW AND ANALYSIS

### I.     Applicable Standards

  a.  Rule 12(b)(1)

Motions filed pursuant to Rule 12(b)(1) challenge the subject matter jurisdiction of the court to hear a case. See F.R.C.P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. See Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). For a Rule 12(b)(1) motion, the party asserting jurisdiction is the one that bears the burden of proof that jurisdiction exists. See City of Alexandria v. Fed. Emerg. Mgt. Agency, 781 F. Supp. 2d 340, 346 (W.D. La. 2011).

  b.  Federal Arbitration Act

"Under the Federal Arbitration Act, parties to a contract may agree that an arbitrator rather than a court will resolve disputes arising out of the contract." Henry

2

Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63, 65 (2019). The FAA requires that courts treat written arbitration agreements as "valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Supreme Court has stated that the FAA embodies a "national policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 346 (2011) (quoting Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006)).

However, this strong federal policy favoring arbitration "does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." Lloyd's Syndicate 457 v. FloaTEC, LLC, 921 F.3d 508, 516 n.5 (5th Cir. 2019) (quoting Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 214 (5th Cir. 2003)). This is because arbitration agreements are contracts, and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960). The FAA "simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989).

The FAA provides "for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." EEOC v. Waffle House, Inc., 534 U.S. 279, 289 (2002) (citing 9 U.S.C. §§ 3–4). Courts within the Fifth Circuit use a two-step analysis to resolve a motion to compel arbitration under the FAA. "The first is contract formation—whether the parties entered into *any arbitration agreement at all*." Kubala v. Supreme Prod. Servs., Inc., 830 F.3d 199, 201 (5th Cir. 2016). "This question is for the court: 'Where the very existence of any [arbitration] agreement is disputed, it is for the courts to decide at the outset whether an agreement was reached, applying state-law

principles of contract.'" <u>Ashley v. Clay Cnty.</u>, No. 5:23-CV-013-H, 2026 WL 860111, at *5 (N.D. Tex. Mar. 30, 2026) (quoting <u>Will-Drill</u>, 352 F.3d at 218). At this step, the presumption favoring arbitration "disappears." <u>O'Shaughnessy v. Young Living Essential Oils, LC</u>, 810 F. App'x 308, 311–12 (5th Cir. 2020) (quotation omitted). If the court determines that there was an arbitration agreement, the next question for the court to consider is "whether *this* claim is covered by the arbitration agreement." <u>Kubala</u>, 830 F.3d at 201.

Because Wells disputes that he ever signed the Arbitration Agreement, the Court's analysis is limited to the threshold issue of contract formation. Whether the parties have entered a valid arbitration agreement "turns on state contract law." <u>Id.</u> at 202. Under Louisiana law, consent is an essential element of contract formation. <u>See</u> La. C.C. art. 1927. A contract is formed by the consent of the parties established through offer and acceptance. <u>Id.</u>

## II.    Analysis

Patterson Motors argues that Wells executed the Arbitration Agreement and that all claims asserted in this litigation are subject to mandatory arbitration. <u>See</u> Record Document 23. Wells responds that he never signed the Arbitration Agreement and that the signature appearing on the document is not his. <u>See</u> Record Document 25.

Here, the Court is permitted to resolve disputed jurisdictional facts, and it finds that Patterson Motors has established the existence of a valid arbitration agreement. <u>See</u> <u>Williamson</u>, 645 F.2d at 413. Patterson Motors submitted a copy of the Arbitration Agreement bearing Wells's signature. <u>See</u> Record Document 23-2. It further submitted multiple employment records from Wells's personnel file containing signatures that are

substantially similar to the signature appearing on the Arbitration Agreement. See Record Document 23-4. These records support Patterson Motors's contention that Wells executed the agreement during his employment.

In opposition, Wells relies solely upon his declaration denying that he signed the Arbitration Agreement.[1] See Record Document 16-1. While the Court has considered Wells's declaration, it finds that the declaration is insufficient to overcome the documentary evidence submitted by Patterson Motors. As the party invoking this Court's jurisdiction, Wells bears the burden of establishing that jurisdiction exists. The Court finds that Wells has failed to carry that burden in light of the fact that Wells had offered no other evidence suggesting that the Arbitration Agreement was forged or otherwise improperly included in his personnel file. Having reviewed the Arbitration Agreement together with the additional employment records submitted by Patterson Motors, the Court finds that Wells executed the Arbitration Agreement and thereby consented to its terms.

The Court further finds that the claims asserted in this action fall squarely within the scope of the Arbitration Agreement. See Record Document 23-2. The agreement expressly applies to disputes arising from Wells's employment relationship, including claims for discrimination and claims concerning wages or compensation. See id. Wells's claims for race discrimination under federal and state law, as well as his claims under Louisiana's wage payment statutes, arise directly from his employment and termination and are therefore subject to arbitration. See id.

---

[1] The Court notes that under Louisiana law, a party who signs a written instrument is presumed to know its contents and cannot avoid his obligations by claiming that he did not read, understand, or recall executing the document. See Tweedel v. Brasseaux, 433 So.2d 133, 137 (La. 1983).

The FAA reflects a strong federal policy favoring arbitration, and courts must rigorously enforce arbitration agreements according to their terms. See Concepcion, 563 U.S. at 339. Having determined that a valid arbitration agreement exists and that Wells's claims fall within its scope, the Court concludes that this dispute must be resolved through arbitration rather than litigation in this Court.

### CONCLUSION

Based on the reasons explained above, The Motion to Dismiss (Record Document 23) is **GRANTED.** This case is **DISMISSED WITHOUT PREJUDICE** to the parties' right to pursue their claims in arbitration in accordance with the Arbitration Agreement.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of June, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT